IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LIBERTY TRUCK CENTER, INC., :
d/b/a LIBERTY PETROLEUM DISTRIBUTORS, :
:
Plaintiff, :
:
vs. : Civil Action No.
:
LIBERTY PETROLEUM, LLC., :
: **VERIFIED COMPLAINT**
Defendant. :

Plaintiff, Liberty Truck Center, Inc., d/b/a Liberty Petroleum Distributors, by their Complaint against Defendant, alleges as follows (on knowledge as to Plaintiff; otherwise on information and belief):

JURISDICTION AND VENUE

1. This civil action asserts claims for trademark infringement, false designation of origin and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 et seq., and the statutory and common laws of the Commonwealth of Pennsylvania. The amount in controversy exclusive of interests and costs exceeds the sum or value of $75,000.

2. This Court has jurisdiction over the claims of Plaintiff under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and (b), 1338(a) and (b), and 1367(a).

## THE PARTIES

3. Plaintiff Liberty Truck Center, Inc., d/b/a Liberty Petroleum Distributors is a Pennsylvania corporation having a place of business at 1492 Oliver Road, New Milford, Pennsylvania 18834.

4. On information and belief, Defendant Liberty Petroleum, LLC is a Virginia Limited Liability Company having a place of business at 1100 Harris Street, Charlottesville, Virginia 22904.

5. On information and belief, Defendant Liberty Petroleum is doing business in this judicial district and is carrying out the acts and causing the injury complained of herein in this judicial district.

6. On information and belief, Defendant is a petroleum distributor selling petroleum to Liberty branded retailers and recently began selling to Liberty retail locations which are located in the Commonwealth of Pennsylvania, portions of New Jersey and New York which are in Plaintiff's trading area.

### COUNT I -- TRADEMARK INFRINGEMENT

7. As a cause of action and ground for relief, Plaintiff alleges trademark infringement by Defendant under § 32(1) of the Lanham Act, 15 U.S.C. 1125(a), and at common law, and

incorporate ¶¶ (1) through (6) of the Complaint as a part of this count.

8. Since at least as early as 1988, long prior to the acts complained of herein, Plaintiff has used the mark and name LIBERTY and as part of its LIBERTY TRAVEL PLAZA and LIBERTY TRUCK STOP in connection with its travel plazas and truck stops at which it operates retail convenience store services featuring restaurants, convenience store items and petroleum fuels.

9. Plaintiff's first LIBERTY travel plaza was and still is in Harford, Pennsylvania since it started in October, 1988. Since that time, the Plaintiff's business under the mark LIBERTY grew to its present number of 24. As of 1999, there were eight (8) travel plazas extending from Harford, Pennsylvania, in Susquehanna County to Liverpool, Pennsylvania, in Perry County.

10. Plaintiff's 24 LIBERTY travel plazas extend East to West and North To South, from Susquehanna County to Juniata County. See Exhibit A.

11. As a result of Plaintiff's travel plazas being located on state and local routes adjacent interstate highways and on interstate highways throughout the state, the market area for the goods and services provided by Plaintiff under the mark LIBERTY extends throughout the Commonwealth of Pennsylvania, and

portions of surrounding states New York, New Jersey, Maryland and Ohio and West Virginia.

12. Notwithstanding Plaintiff's prior exclusive rights in the mark LIBERTY and long after Plaintiff adopted and used the name and mark LIBERTY (Exhibit B) in this judicial district and in interstate commerce in connection with its LIBERTY travel plazas and convenience store outlets selling petroleum, Defendant adopted and used the name and mark LIBERTY in association with retail fuel stations and the mark LIBERTY MARKET for convenience store services in association with the petroleum sales, in this judicial district and in interstate commerce and in areas in which Plaintiff is marketing under the mark LIBERTY. In this respect, a recent addition to the fuel stations now bearing Defendant's mark LIBERTY, See Exhibit B, was opened in Mercersburg, Pennsylvania in Franklin County, adjacent Juniata County, where Plaintiff has been operating a LIBERTY travel plaza, in Liverpool, Pennsylvania since 1991.

13. On or about November 3, 2000, the Defendant filed an application to register the mark LIBERTY for retail and wholesale distributorship featuring petroleum fuels and lubricants and obtained United States Certificate of Registration No. 2,669,918 on December 31, 2002. A true and correct copy of Defendant's Registration is annexed hereto as

Exhibit C. However, by that time, Plaintiff's marketing area had already extended throughout Pennsylvania, portions of New Jersey, the portions of New York, the eastern portion of Ohio and portions of Maryland.

14. Defendant's use of LIBERTY in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant's goods and services offered under the name LIBERTY are sponsored, licensed and/or otherwise approved by or in some way connected or affiliated with Plaintiff.

15. Defendant's use of the name and mark LIBERTY as set forth above, is likely to damage and materially diminish the value of the name and mark LIBERTY and result in Defendant unfairly benefiting and profiting from the reputation and goodwill that is represented by the name and mark LIBERTY.

16. Defendant's use of LIBERTY in the manner hereinabove alleged constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law.

17. On information and belief, Defendant had actual knowledge of Plaintiff's prior use of the name and mark LIBERTY when Defendant began using the name and mark LIBERTY in connection with its goods and services. On information and belief, Defendant has long known of the fact that the public associates the mark LIBERTY with the goods and services of

Plaintiff, and Defendant has sought to capitalize on the goodwill engendered by the mark LIBERTY by adopting the identical name LIBERTY as the dominant part of their name and mark LIBERTY PETROLEUM, LLC.

18. Defendant has engaged in the aforementioned acts willfully, deliberately and with an entire want of care as would raise the presumption of conscious indifference to its consequences.

19. By reason of Defendant's acts alleged herein, Plaintiff has and will suffer damage to its business, reputation and goodwill, and Defendant has and will enjoy profits to which they are otherwise not entitled, for which Plaintiff is entitled to relief at law.

20. Unless enjoined by this Court, Defendant will continue to infringe the name and mark LIBERTY, thereby deceiving the public and causing Plaintiff immediate and irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

**COUNT II -- FALSE DESIGNATION OF ORIGIN**

21. As a cause of action and ground for relief, Plaintiff alleges that Defendant has engaged in acts in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporate by reference ¶¶ (1) through (46) of the Complaint as a part of this count.

22. Defendant's use of the name and mark LIBERTY in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship and/or approval of Defendant's commercial activities with respect to the name and mark LIBERTY.

23. The nature and probable tendency and effect of Defendant's use of the name and mark LIBERTY in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public by misrepresenting the service offered for sale and rendered under said name and mark as sponsored, licensed and/or otherwise approved by, or are in some way connected or affiliated with Plaintiff. Such conduct constitutes a false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendant's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiffs and to improperly appropriate to itself the valuable trademark rights of Plaintiffs.

### COUNT III -- UNFAIR COMPETITION

25. As a cause of action and ground for relief, Plaintiff allege that Defendant has engaged in acts of unfair competition at common law, and incorporate by reference ¶¶ (1) through (24) of the Complaint as a part of this count.

26. By virtue of Defendant's acts, hereinabove pleaded, Defendant has engaged in conduct which is contrary to honest, industrial and commercial practice, and thus, has engaged in unfair competition, in violation of the common law of the Commonwealth of Pennsylvania.

27. Defendant's acts, hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff at substantial effort and expense and represented by the distinctiveness of the name and mark LIBERTY.

28. Defendant has engaged in the aforementioned acts willfully and deliberately and with full knowledge of the name and mark LIBERTY and Plaintiff's rights therein.

29. Defendant will continue to compete unfairly unless restrained by this Court. As a result of Defendant's unfair competition, Plaintiff will be unable to control the loss of the distinctive quality and reputation represented by the mark LIBERTY and will sustain still further damages in an amount difficult to ascertain.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully pray that:

1. The Court enter judgment that:

    a. Defendants has infringed the mark LIBERTY under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law;

    b. Defendant has violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. Defendant has engaged in unfair competition at common law.

2. Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

a. Using the trademark LIBERTY and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a trademark, trade name, domain name component, or otherwise to market, advertise or identify Defendant's commercial activities or services in Plaintiff's trading area;

b. Otherwise infringing the mark LIBERTY;

c. Unfairly competing with Plaintiff in any manner whatsoever, or otherwise injuring its business reputation in the manner complained of herein; and

d. Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (d) above.

3. Defendant be ordered that all labels, signs, prints, packages, wrappers, receptacles, advertisements, electronic or computer files in the possession, custody or control of Defendant, bearing the mark LIBERTY, or any reproduction, counterfeit, copy, or colorable imitation thereof, including without limitation all plates, molds, matrices, and other means

of making or reproducing the same located in Plaintiff's trading area, be delivered up to Plaintiff and destroyed.

4. Defendant be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which they have complied with the Judgment.

5. Defendant be directed to pay to Plaintiff compensatory damages in an amount to be determined at trial for the injuries sustained by Plaintiff in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described herein.

6. Defendant be required to account for and pay to Plaintiffs all profits realized by it as the result of the acts complained of herein.

7. Defendant be required to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff.

8. Defendant be required to pay pre- and post-judgment interest according to law.

9. The Court award any punitive and exemplary damages against Defendant and in favor of Plaintiff.

10. Plaintiff be granted such other, different and

additional relief as this Court deems equitable and proper.

                Respectfully submitted,

                CAESAR, RIVISE, BERNSTEIN,
                COHEN & POKOTILOW, LTD.

Dated: December___,2014  By___/MPokotilow/_____
                            Manny D. Pokotilow
                            (I.D. No. PA 13310) MDP0813
                            1635 Market Street
                            12th Floor - Seven Penn Center
                            Philadelphia, PA  19103-2212
                            Tel: (215) 567-2010

                            Attorneys for Plaintiff
                            Liberty Truck Center, Inc., d/b/a
                            Liberty Petroleum Distributors

## VERIFICATION

STATE OF PENNSYLVANIA    )
                         ) ss.:
COUNTY OF SUSQUEHANNA    )

Gerald Danniel, being duly sworn, deposes and says:

I am Chief Operating Officer, for Plaintiff Liberty Truck Center, Inc., d/b/a Liberty Petroleum Distributors. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Gerald Danniel

Sworn to before me this
11 day of December 2014.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Ruby Penny, Notary Public
New Milford Twp, Susquehanna County
My commission expires January 11, 2017

13